# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DOUGLAS TALBOT,

        Plaintiff,

vs.

SENTINEL INSURANCE COMPANY, LTD., *et al.*,

        Defendants.

Case No. 2:11-cv-01766-KJD-CWH

**ORDER**

This matter is before the Court on Defendants Sentinel Insurance Company and Hartford Fire Insurance Company's Motion to Enlarge Time to Answer (#11), filed November 21, 2011; Plaintiff's Opposition to Defendants' Motion to Enlarge (#16), filed December 8, 2011; and Defendants' Reply (#19), filed December 12, 2011.

## BACKGROUND

This case arises out of an automobile accident that occurred in March 2008. Prior to initiating a lawsuit, Plaintiff's counsel spoke with Samokhvalov's insurer, Hartford Fire Insurance Company, in an effort to settle the claim. *See* Exhibits 1-6 attached to Pl.'s First Amend. Compl. ("FAC") attached as Ex. A to Def.'s Pet. for Removal (#1). The parties were unable to reach settlement and, on February 17, 2010, Plaintiff filed suit against Defendant Samokhvalov in state court. *See* Pl.'s FAC at ¶ 23.

After conducting discovery, including deposing Defendant Samokhvalov, Plaintiff's counsel sent Samokhvalov's counsel a letter indicating his willingness to recommend that his client accept "your insured's policy limits, which we understand to be $250,000." *See* Ex. 7 attached to Pl.'s FAC. Plaintiff alleges that at the time the offer was accepted, defense counsel specifically advised Plaintiff's counsel "that the $250,000 represented the full policy limits available on this claim." *See* Pl.'s FAC at ¶ 29. On March 31, 2011, Plaintiff entered into a settlement agreement

with Defendant Samokhvalov whereby, in consideration for $250,000.00, Plaintiff agreed to release all claims and dismiss the case with prejudice.  *See* Ex. 9 attached to Pl.'s FAC.

Shortly after settling the third-party claim, Plaintiff submitted an underinsured motorist claim to his insurer.  *See* Ex. 10 attached to Pl.'s FAC; *see also* Pl.'s FAC at ¶ 30.  After initially accepting the claim, Plaintiff's insurer withdrew its acceptance after being informed by Defendant Samokhvalov's insurer, Hartford Fire Insurance Company Hartford, that the policy limits on the underlying claim were, in fact, $1.25 million as opposed to $250,000.00.  *Id*.

Thereafter, on October 17, 2011, Plaintiff filed his amended complaint adding four causes of action: (1) rescission based on unilateral mistake, (2) fraudulent inducement and intentional misrepresentation, (3) unfair and deceptive business practices in violation of NRS 686A.310(1), and (4) unjust enrichment.  Plaintiff also named two additional parties, Defendants Sentinel Insurance Company and Hartford Fire Insurance Company.  *See* FAC at ¶¶ 2, 3.  Plaintiff alleges that Defendants wilfully concealed material facts through false and fraudulent representations with the intent to defraud and deceive; intentionally withheld policy limits; that Plaintiff was legally entitled to recover more than $250,000.00; and that Plaintiff would not have compromised his claim if he had known that policy limits exceeded $250,000.00.  *Id* at ¶¶ 31-33.  In addition to damages stemming from Defendants alleged conduct, Plaintiff also seeks punitive damages pursuant to NRS 42.005.

On November 3, 2011, after being served with the amended complaint, Defendant Samokhvalov filed a petition for removal pursuant to 28 U.S.C. § 1441(a) and (b).  On November 15, 2011, Defendant Samkhvalov filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of all claims as against him.  On November 21, 2011, Defendants Hartford and Sentinel filed a joinder to Defendant Samokhvaov's motion to dismiss (#9).  They also filed a separate, partial motion to dismiss (#10) claiming that Plaintiff's causes of action for violation of NRS 686A.310 and unjust enrichment (claims 3 and 4 of the amended complaint) fail as a matter of law.

Defendants Hartford and Sentinel concede that their motion to dismiss (#10), if granted, is only partially dispositive.  Nevertheless, citing Fed. R. Civ. P. 12(a)(4)(A) and Fed. R. Civ. P. 6(b),

Defendants request that the Court extend the deadline to file an answer to the amended complaint until after the motion to dismiss is decided.  Defendants assert that there is nothing in Rule 12(a)(4)(A) or controlling case law that requires an answer before a decision is entered on a partial motion to dismiss.  Defendants request that the Court follow "the majority approach" and enlarge the time to respond until 14 days after a decision on the partial motion to dismiss.  According to Defendants, the enlargement will protect against default on uncontested allegations, promote judicial economy by eliminating duplicative pleadings, and narrow the scope of subsequent discovery.

Citing *General Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368 (Fed. Cir. 2007), Plaintiff argues that the request to enlarge time to respond should be analyzed under Rule 15(a)(3), not Rule 12(a)(4)(A), because the matter is before the Court on an amended complaint.  Plaintiff argues that both the time to respond to the original pleading and amended pleading have passed and should not be extended.  Plaintiff also argues that Defendants have not shown good cause under Rule 6(b) for the requested extension.  In reply, Defendants, also citing the *General Mills* case, argue that the amended complaint is an original pleading as to them and, therefore, Rule 12 controls.

## DISCUSSION

As an initial matter, the Court rejects Plaintiff's contention that Rule 15(a)(3) governs the time period for Defendants to respond to the amended complaint.  The amended complaint was filed in state court prior to removal.  Generally, the federal rules do not apply until a case is removed to federal court.  *See* Fed. R. Civ. P. 81(c)(1); *see also Staple v. United States*, 740 F.2d 766, 770 n. 2 (9th Cir. 1984); *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 682 (9th Cir. 1980).  Plaintiff has provided no authority for the position that the Court should apply Rule 15 retroactively to activities prior to removal.

Secondly, although neither party briefed it, the time period for Defendants to respond to the amended complaint is actually governed by Fed. R. Civ. P. 81(c), which provides:

> **(2) *Further Pleading.*** After removal, repleading is unnecessary unless the court orders it.  A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of

these periods:

**(A)** 21 days after receiving–through service or otherwise–a copy of the initial pleading stating the claim for relief;

**(B)** 21 days after being served with the summons for an initial pleading on file at the time of service; or

**(C)** 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2). Moreover, and contrary to Plaintiff's argument, the tolling provision of Rule 12(a)(4)(A) is not limited to circumstances where the response period is governed by Rule 12(a). The tolling provision applies whenever there is time remaining for response to an original pleading. *See General Mills, Inc. v. Kraft Foods Global, Inc.*, 495 F.3d 1378, 1379-80 (Fed. Cir. 2007); *see also Olsen v. Hayes*, 217 F.3d 845 (9th Cir. 2000). At the time of removal, neither Defendants Hartford nor Sentinel had responded to the complaint, which was an original pleading as to them. Thus, Rule 12(a)(4)(A) is applicable.

Taking into account the applicable rules, the first question is one of timing. Based on the record, the amended complaint and summons were served on Defendants Hartford and Sentinel on October 24, 2011. *See* (#21). and (#22). The notice of removal was filed on November 3, 2011. Pursuant to Rule 81(c), the longest period for response after removal would have been 21 days from the date of service - meaning Defendants had until November 14, 2011, to "answer or present other defenses or objections." *See* Fed. R. Civ. P. 81(c)(2)(A) and (B).[1] Defendants partial motion to dismiss (#10) was filed on November 21, 2011, and, therefore, technically untimely under Rule 81(c). In the Ninth Circuit, however, a party may file a Rule 12(b) motion any time before the responsive pleading is filed. *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988) (citing *Bechtel v. Liberty National Bank*, 534 F.2d 1335, 1340-41 (9th Cir. 1976) (holding that while some courts hold that Rule 12(b) motions must be made within the time period to file a responsive pleading, the rule itself only requires that such motions must be made before any allowed responsive pleading)). Consequently, although Defendants' motion to dismiss was not filed in the

---

[1] Pursuant to Rule 81(c)(2)(3), Defendants would have had to file their answer or present objections no later than November 10, 2011 - 7 days from the date the notice of removal was filed.

time period established for a responsive pleading under Rule 81(c), the Court finds that the motion itself was timely because it was filed prior to the filing of any responsive pleading.

Having determined that Defendants' motion was timely, the Court turns to whether time for a responsive pleading should be extended until after a decision on Defendants' motion. Federal Rule of Civil Procedure 12(a)(4) provides:

> Unless the court sets a different time, serving a motion under this rule [Rule 12] alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action.

Fed. R. Civ. P. 12(a)(4)(A). Defendants have accurately stated the issue as whether Rule 12(a)(4)(A) should apply in circumstances where, as here, the motion to dismiss is only partially dispositive. Other courts interpreting Rule 12(a)(4) have held that "filing a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion." *See ThermoLife Intern., LLC v. Gaspari Nutrition, Inc.*, 2011 WL 6296833 (D. Ariz.) (even when a pending motion to dismiss may only address some of the alleged claims, the motion to dismiss tolls the time to respond to all claims under Rule 12(a)(4)); *see also Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009) (finding that requiring a party to reply to claims not the subject of a partial motion to dismiss would result in a "procedural thicket of piecemeal answers that would poorly serve judicial economy"); *Kent v. Green*, 2008 WL 150060 (D. Colo.) (finding that partially dispositive Rule 12 motion altered responsive pleading date under Rule 12(a)(4); *Beaulieu v. Board of Trustees of University of West Florida*, 2007 WL 2020161 (N.D. Fla.) (holding that a partial motion to dismiss "automatically extends" the time to file a responsive pleading on unchallenged claims pursuant to Rule 12(a)(4)); *Shah v. KIK Intern. LLC*, 2007 WL 1876449 (N.D. Ind.) (holding that Rule 12(a)(4) applies "by operation of law" to claims not challenged in partial motion to dismiss); *Bertaut v. Parish of Jefferson*, 2002 WL 31528468 (E.D. La.) ("[e]ven the filing of a partial motion to dismiss extends the defendant's time to answer the entire complaint" under Rule 12(a)(4)); *Finnegan v. Univeristy of Rochester Medical Center*, 180 F.R.D. 247, 250 (W.D.N.Y. 1998) (holding that the plain language of Rule 12(a)(4) contemplates suspending the time to response to the entire complaint, not just to claims that are the subject of a partial motion to dismiss); *Oil Express Nat'l, Inc. v. D'Alessandro*, 173

5

F.R.D. 219, 220 (N.D. Ill. 1997) ("The majority of courts that have considered this question . . . have concluded that a party does not need to file an answer while a partial motion to dismiss is pending"); *Brocksopp Engineering, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 486-87 (E.D. Wis. 1991) (holding that requiring an answer to unchallenged claims would result in duplicative sets of pleadings in the event the 12(b) motion is denied and cause confusion).

There is some authority for the position that a defendant should answer the unchallenged portions of a complaint. In *Gerlach v. Michigan Bell Telephone Co.*, 448 F.Sup. 1168, 1174 (E.D. Mich. 1978), the court, acknowledging the rule is silent and that there was a dearth of case law, held that "separate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F[ed]. R. C[iv]. P. 12(b)." "No other court has adopted the *Gerlach* court's reasoning or ruling; indeed, every court to consider the decision in *Gerlach* on this point has disagreed with and declined to follow it." *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F.Supp.2d 598, 638 (N.D. Iowa 2006) (citations omitted); *see also Pestube Systems, Inc. v. HomeTeam Pest Defense, LLC*, 2006 WL 1441014 (D. Ariz.) (*Gerlach* "is clearly the minority position and the recent authority is clearly opposed to any such holding); *Rosa v. California Bd. of Accountancy*, 2005 WL 1899515 (E.D. Cal.); *Batdorf v. Trans Union*, 2000 WL 635455 (N.D. Cal.). This Court agrees with the majority of courts that have held that a pending motion to dismiss, although it may only address some of the claims alleged, tolls the time to respond to all claims under Rule 12(a)(4).

Here, Defendants filed a timely Rule 12(b)(6) motion that does not challenge all of the claims raised by Plaintiff. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendants are not required to file a responsive pleading on the unchallenged claims until 14 days after the court has rendered its decision on the motion.

Even in light of its finding, the Court is concerned that discovery has not gone forward in this matter. The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Tradebay, LLC v. eBay, Inc.*, — F.R.D. —, 2011 WL 6182039 (D. Nev.) (Citing *Skellerup Indust. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) (stating that if the Federal Rules contemplated a motion to dismiss under Rule

12(b)(6) would stay discovery, the Rules would contain such a provision, and finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation).  The explosion of Rule 12(b)(6) motions in the wake of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct.1937, 173 L.Ed.2d 868 (2009), has made speedy determinations of cases increasingly more difficult. Prohibiting or delaying all discovery will often cause unwarranted delay, especially if a pending dispositive motion challenges fewer than all of Plaintiff's claims.  *Tradebay*, 2011 WL 6182039 *6. Discovery in this matter has not been stayed and should go forward.  Consequently, pursuant to Local Rule ("LR") 26-1(d), Plaintiff's counsel is instructed to initiate the Rule 26(f) conference and the parties are instructed to submit a stipulated discovery plan within 14 days of this order.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants Sentinel Insurance Company and Hartford Fire Insurance Company's Motion to Enlarge Time to Answer (#11) is **granted**.  Defendants shall have until 14 days after the court has rendered its decision on their motion to dismiss (#10) to file an answer.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall initiate the Rule 26(f) conference and the parties shall submit a stipulated discovery plan no later than **Friday, April 13, 2012**.

DATED this 29th day of March, 2012.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**