UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DOUGLAS TALBOT,   )
                 )
       Plaintiff,   )   Case No. 2:11-cv-01766-MMD-CWH
                 )
vs.              )   **ORDER**
                 )
SENTINEL INSURANCE COMPANY,   )
LTD., *et al.*,   )
                 )
       Defendants.   )
_____)

      This matter came before the Court on Defendants Sentinel Insurance Company, Ltd.'s and Hartford Fire Insurance Company's (collectively "Hartford") Motion to Compel (#55), filed on October 2, 2012.

**BACKGROUND**

      This case arises out of facts and circumstances leading to the settlement of Plaintiff's prior state court action, *Douglas Talbot v. Rymond [sic] Jacques Samokhvalov*, A610130, which involved an automobile accident that occurred in March 2008. Plaintiff ultimately settled with Mr. Samokhvalov for $250,000 and agreed to release all claims and dismiss the case with prejudice. *See* Ex. 9 attached to Pl.'s First Amend. Compl. ("FAC") attached as Ex. A to Def.'s Pet. for Removal (#1). Shortly after settling the third-party claim, Plaintiff submitted an underinsured motorist claim to his insurer. *See* Ex. 10 attached to Pl.'s FAC; *see also* Pl.'s FAC at ¶ 30. After initially accepting the claim, Plaintiff's insurer withdrew its acceptance after being informed by Hartford that the policy limits on the underlying claim were $1.25 million. *Id*.

      On April 27, 2012, Hartford served its First Set of Interrogatories on Plaintiff. Plaintiff's responses were due on May 29, 2012, but Hartford agreed to an extension until June 14, 2012. After receiving no response, Hartford engaged in several meet and confer efforts including written

correspondence and phone discussions with Plaintiff's counsel to obtain the responses. *See* Affidavit of Darren T. Brenner (#55, p. 11). Plaintiff's responses were received on September 26, 2012. On September 27, 2012, Defense Counsel sent correspondence to Plaintiff outlining alleged deficiencies in the responses. *Id.* Defendants allege that subsequent efforts to communicate with Plaintiff's counsel have been unsuccessful. Additionally, Plaintiff failed to submit an opposition, which constitutes consent to the granting of the motion pursuant to Local Rule 7-2(d).[1]

## DISCUSSION

Federal Rule of Civil Procedure 33(b)(3) provides, "Each interrogatory must to the extent it is not objected to, be answered separately and fully in writing under oath." Additionally, Rule 33(b)(5) specifies, "The person who makes the answers must sign them, and the attorney who objects must sign any objections." Defendants contend that Plaintiff's responses to Hartford's First Set of Interrogatories are unverified and request that Plaintiff be compelled to provide verified interrogatory responses. As this motion is unopposed and Plaintiff's signature is not included in his responses, the Court grants Defendant's request. The Court will compel Plaintiff to provide verified interrogatory responses.

Additionally, Defendants contend that Plaintiff should be compelled to provide further responses to Interrogatories 2, 4, 5 and 6. As to Interrogatory Number 2, Defendants contend that Plaintiff's response that refers to all communications between his attorneys and Hartford numbered PLT0000307-0000365, PLT001578-001588, and PLT001822-001986 violates Rule 33(d). Rule 33(d) provides, "If the answer to an interrogatory may be determined by examining . . . a party's business records . . . the responding party may answer by (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and idenitfy them as readily as the responding party could." Fed. R. Civ. P. 33(d). The Court agrees that Plaintiff's response does not provide Hartford with sufficient detail to identify the misrepresentations of the policy limits that he allege Defendants made. Defendants cannot identify the misrepresentations as readily

---

[1] Local Rule 7-2(d) states, "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

as Plaintiff can from such a wide range of correspondence. Therefore, the Court will compel Plaintiff to provide a further response to Interrogatory Number 2.

Regarding Interrogatory Number 4, Defendants contend that Plaintiff's response is non-responsive because it provides no facts as to how the insurance policy is unclear. Additionally, Defendants contend that Plaintiff's objection should be stricken for failure to timely respond pursuant to Rule 33(b)(4). Finally, Defendants argue that Interrogatory Number 4 does not seek a legal conclusion, but rather, seeks the specific facts that Plaintiff relies on to support his allegations. The Court agrees that Plaintiff's answer does not respond with facts that support his allegations in paragraph 24 of his first amended complaint. As discussed above, Plaintiff needs to provide more detail than citing the range of documents that consist of relevant communications between his attorneys and Hartford. Therefore, the Court will compel Plaintiff to provide a further response to Interrogatory Number 4. Additionally, the Court will strike his objection as this Motion was unopposed and he failed to timely respond.

As to Interrogatory Number 5, Defendants contend that Plaintiff's response is vague and conclusory, non-responsive, and fails to provide sufficient detail in reference to the records identified. The Court agrees that Plaintiff's response fails to answer what facts support his allegation that his mistaken belief persisted after Defendants' disclosure. Therefore, the Court will compel Plaintiff to provide a further response to Interrogatory Number 5. Additionally, the Court will strike his objection as this Motion was unopposed and he failed to timely respond.

Finally, regarding Interrogatory Number 6, Defendants contend that Plaintiff's response contains no facts that explain why his reliance on Hartfort's alleged misrepresentation was justified and provides a conclusory assertion. For the reasons identified above, the Court will compel Plaintiff to provide a further response to Interrogatory Number 6. Additionally, the Court will strike his objection as this Motion was unopposed and he failed to timely respond.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Sentinel Insurance Company, Ltd.'s and Hartford Fire Insurance Company's Motion to Compel (#55) is **granted**. Plaintiff shall verified interrogatory responses along with further responses to Interrogatories 2, 4, 5, and 6. Additionally,

1 his objections to Interrogatories 4, 5, and 6 are stricken.

2       **IT IS FURTHER ORDERED** that Defendants shall submit any Application for Costs and

3 Fees by November 7, 2012.  Plaintiff's opposition, if any, shall by November 14, 2012.

4       DATED this 24th day of October, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**